SEP. 28. 2009 1:07PM  0118057280   [EXHIBIT A]   NO. 3752   P. 2



## CT Corporation

**Service of Process Transmittal**
09/25/2009
CT Log Number 515482850



| | |
|---|---|
| **TO:** | Kim Turner<br>Allstate Insurance Company - Nashville MCO<br>555 Marriott Drive, Suite 850<br>Nashville, TN 37214 |
| **RE:** | **Process Served in Tennessee** |
| **FOR:** | ALLSTATE INSURANCE COMPANY (Domestic State: IL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Eleanor R. Russell, etc., Pltf. vs. Allstate Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Shelby County Circuit Court, TN<br>Case # CT00433709 |
| **NATURE OF ACTION:** | Insurance Litigation - Breach of insurance contract |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/25/2009 postmarked on 09/23/2009 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the summons has been served upon you, not including the day of service |
| **ATTORNEY(S) / SENDER(S):** | John R. Cannon<br>Shuttleworth Williams, PLLC<br>22 North Front Street<br>Memphis, TN 38103<br>901-526-7399 |
| **REMARKS:** | Process served/received by the Insurance Commissioner on 09/18/2009, and mailed to CT Corporation System on 09/25/2009. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 792806378679<br>Email Notification, Patti Gariti pgarq@allstate.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 865-342-3522 |

**RECEIVED**
SEP 28 2009

Page 1 of 1 / EF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

September 22, 2009

Allstate Insurance Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 19232

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7008 3230 0002 4322 8149
Cashier # 5065

Re: Eleanor R. Russell A/K/A Eleanor Belfour  V.  Allstate Insurance Company

Docket # CT-004337-09

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on September 18, 2009 by Eleanor R. Russell A/K/A Eleanor Belfour pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Shelby County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn 38103

Service of Process 615.532.5260

# CIRCUIT COURT OF TENNESSEE
140 ADAMS AVENUE MEMPHIS, TENNESSEE 38103
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS
### SUMMONS IN CIVIL ACTION

NO. CT-004337-09   D. ____   AD DAMNUM $ _____   AUTO ☐   OTHER ☒

Eleanor R. Russell a/k/a Eleanor Belfour _____ Home Address

_____ Business Address

PLAINTIFF

VS

Allstate Insurance Company _____ Home Address

_____ Business Address

DEFENDANT

TO THE DEFENDANT(S): Allstate Insurance Company c/o Commissioner of Insurance of the State of Tennessee, 500 James Robertson Parkway, Nashville, TN 37243-0565 (via certified mail)

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on John R. Cannon, Jr. Plaintiffs attorney, whose address is 22 North Front Street, Suite 850, Memphis, TN 38103 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk

TESTED AND ISSUED  9/11  20 09   By _____

TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980 you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4000.00) personal property exemption from execution or seizure to satisfy judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These items of necessary wearing apparel (clothing) for yourself and your family and trucks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or now to exercise it, you may wish to seek the counsel of a lawyer.

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.

Witness My Hand this  11  Day of September 20 09

Certification when applicable

_____
Surety

F I L E D
SEP 11 2009
CIRCUIT COURT CLERK
BY _____ D.C.

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELEANOR R. RUSSELL
a/k/a ELEANOR BELFOUR

Plaintiff,

v.                                              NO.: CT-004337-09

ALLSTATE INSURANCE COMPANY,                     JURY DEMANDED
                                                Div III
Defendant.

I, JIMMY MOORE, Clerk of the Circuit Court, Shelby County Tennessee certify this to be a true and accurate copy as filed this 9-11-2009
JIMMY MOORE, Clerk
By: _____ D.C.

## COMPLAINT FOR BREACH OF INSURANCE CONTRACT

COMES NOW Plaintiff, Eleanor R. Russell a/k/a Eleanor Belfour, and for her Complaint against the Defendant, Allstate Insurance Company (hereinafter "Allstate"), states:

I.

### BACKGROUND INFORMATION

This suit arises out of Allstate's wrongful refusal to pay Eleanor Russell for losses under an insurance policy sold and issued by it to her on property in Memphis, Shelby County, Tennessee. The policy covered, among other things, losses arising from sudden and accidental direct physical loss to property including dwelling protection. The policy covered, among other things, losses arising from vandalism or malicious mischief unless the dwelling was vacant or unoccupied for more that thirty (30) consecutive days immediately prior to the vandalism or malicious mischief. Plaintiff has sustained losses and damages as a result of vandalism or malicious mischief to property insured by Allstate for which a claim has been made. Allstate was advised of Plaintiff's claim for damages and as of the filing of this lawsuit has not made payment to Plaintiff for her covered losses. Plaintiff

notified Allstate through its agent, Mike Duel, of any changes in the use or occupancy of the residence premises.

Plaintiff would state that she has attempted, through counsel, to contact Allstate to provide her with information concerning their investigation of the loss and their reasons for denial, including, but not limited to, a copy of any statements taken under oath, reports of investigators on behalf of Allstate, and any information concerning a Carlos Hauer, including any Examination Under Oath taken of him. Allstate has failed and refused to comply with such request and, therefore, Plaintiff is compelled to file this lawsuit in order to protect her rights under the time periods for filing suit set forth within the policy on page 18, paragraph 12, requiring suit to be brought within one (1) year after the inception of loss or damage. Plaintiff specifically waives any requirement by Allstate to file a responsive pleading in this matter until such time as the information requested has been provided and the Plaintiff has sufficient time to evaluate the information provided. In the alternative, Plaintiff would allege that Allstate has waived any right to rely upon the policy exclusions set forth in its denial letter based upon its refusal to provide information allowing the Plaintiff to evaluate such denial.

II.

**PARTIES**

1. Plaintiff, Eleanor R. Russell a/k/a Eleanor Belfour, is an individual resident of the City of Memphis, County of Shelby, State of Tennessee and is the owner of the insured property which is the subject of this dispute located at 1008 Emmie in Memphis, Shelby County, Tennessee.

2. Allstate is a property and casualty insurance company incorporated in the State of Illinois with its principle place of business in Northbrook, Illinois. It is authorized to do business in the State of Tennessee as an insurance company providing homeowners

2

insurance. It can be served through the Commissioner of Insurance of the State of Tennessee or, alternatively, at its principle place of business in Northbrook, Illinois.

3. Allstate issued a policy of insurance number 000930346132 to Plaintiff. The policy had an effective date of May 3, 2008, and expired on May 3, 2009.

4. The subject policy covered property belonging to Plaintiff located at 1008 Emmie in Memphis, Shelby County, Tennessee, consisting of a dwelling.

5. The policy covered sudden and accident direct physical loss to the property except as limited or excluded in the policy.

6. The policy provided a limit of $79,000.00 per occurrence for losses caused by, among other things, vandalism and theft.

7. The policy contained a deductible of $500.00 per occurrence.

8. On or about September 12, 2008, during the term of the policy and while the policy was in full force and effect, the insured property caught fire and was damaged.

9. Plaintiff reported this loss to Allstate through its agent, Mike Duel.

10. Plaintiff was contacted by Allstate through its adjuster in the fall of 2008.

11. After being contacted by Allstate, Plaintiff provided Allstate's adjuster with information regarding the property and the loss. Plaintiff remained in communication with the adjusters awaiting completion of the adjuster's final report.

12. Allstate had a duty under the policy of insurance to investigate and adjust Plaintiff's losses and to make payment to her for her losses which occurred during the month of September, 2008.

13. Allstate, by failing to adjust Plaintiff's losses and pay her for the damages sustained during the month of September, 2008, failed in its obligations to Plaintiff and is thereby guilty of breach of contract.

3

14. As a proximate result of the breach of contract by Allstate, Plaintiff has been caused to suffer loss equal to the value of her property that was damaged, destroyed or stolen.

15. There was an applied covenant of good faith and fair dealing owed by Allstate to its insured in the handling of its claim.

16. Allstate breached the implied covenant of good faith and fair dealing when it failed to pay Plaintiff the amount of damages suffered to the property as a result of the fire in September, 2008.

WHEREFORE, Plaintiff prays for a trial in this matter before a jury of twelve (12) and that she be awarded:

A. Damages in the form of indemnity for the destruction of her property occurring during the month of September, 2008;

B. Any additional penalty pursuant to T.C.A. § 56-7-105 including, but not limited to, additional penalty for bad faith for failure to pay an insurance claim within sixty (60) days.

C. For any and all such further relief to which she may justly be entitled at law and equity.

Respectfully submitted,

SHUTTLEWORTH WILLIAMS, PLLC

BY: _____
JOHN R. CANNON, JR. (#8576)
22 North Front Street, Suite 850
Memphis, Tennessee 38103
(901)526-7399
**Attorneys for Plaintiff**

F:\SHARED\JRC\Complaint Eleanor Belfour.doc